IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BOBBYE McREYNOLDS,

                OPINION AND ORDER

    Plaintiff,

                  11-cv-362-slc[1]

  v.

GINNY'S,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    In this civil action brought under the Fair Credit Reporting Act, plaintiff Bobbye McReynolds is alleging that defendant Ginny's furnished inaccurate information to a credit reporting agency by listing a debt as a charge off, in violation of 15 U.S.C. § 1681s-2(b). (A creditor "charges off" a debt when it "treats the debt as a loss or expense because payment is unlikely." Black's Law Dictionary 227 (7th ed. 1999).) In addition, plaintiff alleges that he notified defendant that the information was inaccurate, but defendant has refused to correct the inaccuracy. Because plaintiff is proceeding in forma pauperis, I must screen the complaint to determine whether it states a claim upon which relief may be granted. 28

---

[1] I am exercising jurisdiction over this case for the purpose of this order.

1

U.S.C. § 1915.

Having reviewed the complaint, I conclude that plaintiff has failed to state a claim under § 1681s-2(b). That provision does not impose liability on a party for reporting inaccurate information or even for refusing to correct inaccurate information in all circumstances. Rather, it requires furnishers of credit information to conduct a reasonable investigation when they receive notice of a dispute from a consumer reporting agency. Westra v. Credit Control of Pinellas, 409 F.3d 825, 827 (7th Cir. 2005); McKeown v. Sears Roebuck & Co., 335 F. Supp. 2d 917, 936 (W.D. Wis. 2004).

Plaintiff does not include any facts in his complaint about the reasonableness of defendant's investigation or the evidence that he gave to defendant to support the dispute. Westra, 409 F.3d at 827 (scope of duty to investigate corresponds to specificity of information defendant receives about nature of dispute). However, even if I assume that defendant's investigation was unreasonable, plaintiff's claim fails because § 1681s-2(b) does not trigger a duty to investigate when a consumer disputes a charge, only when "a consumer reporting agency" does so. Anderson v. EMC Mortg. Corp., 631 F.3d 905, 908-09 (8th Cir. 2011) ("Because a furnisher's obligation to conduct a reasonable investigation under § 1681s–2(b) arises when it receives a notice of dispute from a CRA, it need investigate only what it learned about the nature of the dispute from the description in the CRA's notice of dispute.") (internal quotations omitted); Scheel-Baggs v. Bank of America, 575 F. Supp. 2d

2

1031, 1039 (W.D. Wis. 2008); Dornhecker v. Ameritech Corp., 99 F. Supp. 2d 918, 928-29 (N.D. Ill. 2000).  See also Westra, 409 F.3d at 827 (discussing obligations of furnisher of information "[w]hen a consumer reporting agency notifies a furnisher of a dispute with regard to an account").

It is 15 U.S.C. § 1681s-2*(a)* that imposes certain duties on a furnisher of information when a consumer notifies it of a mistake.  Unfortunately for plaintiff, that provision does not create a private right of action for consumers. Rather, it must be "enforced exclusively . . . by the Federal agencies and officials and the State officials identified in section 1681s of this title." 15 U.S.C. § 1681s-2(d).  See also Perry v. First Nat. Bank, 459 F.3d 816, 822 (7th Cir. 2006) (Fair Credit Reporting Act "include[s] an exemption from private actions for failure to comply with 15 U.S.C. § 1681s-2(a)).  Accord Wenner v. Bank of America, NA, 637 F. Supp. 2d 944, 951 (D. Kan. 2009); Whisenant v. First National Bank and Trust Co., 258 F. Supp .2d 1312, 1316-17 (N.D. Okla. 2003); Hasvold v. First USA Bank, N.A., 194 F. Supp. 2d 1228, 1235-38 (D. Wyo. 2002).  Accordingly, I must dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that plaintiff Bobbye McReynolds's complaint is DISMISSED for his failure to state a claim upon which relief may be granted.  The clerk of court is directed

to enter judgment in favor f defendant Ginny's and close this case.

Entered this 14th day of June, 2011.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge